

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHERYL BAKER,

        Plaintiff,

v.                                                      Civil Action No. 3:11CV691

COMMERCIAL RECOVERY SYSTEMS, INC.,

Serve: Tim Ford
       Registered Agent
       Commercial Recovery Systems, Inc.
       8035 East R. L. Thornton Freeway, Suite 305
       Dallas, Texas 75228

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, Venue in this District is proper in that the defendant transacted business in this state or transacted business here, and the plaintiff chooses to bring this action here, or the conduct complained of occurred here.

### *III. PARTIES*

3. Plaintiff, Cheryl Baker, is a natural person residing in Suffolk, Virginia.

4. Defendant Commercial Recovery Systems, Inc. is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Dallas, Texas. One of the principal purposes of Commercial Recovery Systems, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

### *IV. FACTUAL ALLEGATIONS*

6. In 2007, the plaintiff took out a personal loan with Household Finance. The last payment made on this account was roughly in 2008.

7. In August of 2010, Plaintiff received a dunning letter from Defendant stating they had acquired the debt from Household Finance in the amount of $18,654.84 with account number 2893850. A copy of the dunning letter is attached as **EXHIBIT A.**

8. On November 23, 2010, Plaintiff received a phone call at her place of employment from a collector for the Defendant, "Ms. Gonzalez," regarding payment for the alleged debt. Plaintiff agreed to monthly payments of $50.00.

9. During this same phone call, Plaintiff requested that Defendant not contact Plaintiff's employer or Plaintiff at work any time in the future, since her employer did not permit these types of personal calls at work.

10. In June of 2011, Plaintiff received a phone call at her place of employment again from Ms. Gonzalez on behalf of defendant, stating her $50 monthly payments were not covering the interest on the debt and were no longer acceptable.

11. During that same conversation, Plaintiff was told she needed to come up with $1,500.00 by the end of the week or they would take her to court.

12. During the same conversation, Plaintiff was told to submit to "Ms. Gonzalez" bank statements and paystubs to see if she would qualify for any type of settlement of the debt and she suggested she would work with Plaintiff on her monthly payments to pay the debt back.

13. During the same conversation, "Ms. Gonzalez" threatened to garnish Plaintiff's wages in order to pay the debt back and when Plaintiff inquired as to what she means by that, Ms. Gonzalez hung up the phone. Ms. Gonzalez then called right back asking to speak with Plaintiff's boss, Dr. Lotz, at which time she was told she could not speak with him and "Ms. Gonzalez" informed the receptionist for Plaintiff that she would call back in the morning, which she did not.

14. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Communicating with the debtor at places known to be inconvenient to my client, including her place of employment despite being told to not call her job. §1692c (a) (1&3)); and

b) Threatening to take legal action that cannot be taken or is not intended to be taken by saying Plaintiff's wages would be garnished and that they would take her to court if she did not come up with $1,500 by the end of the week. §1692e (5).

15. As a result of the acts alleged above, plaintiff suffered actual damages including physical ailments, embarrassment, and emotional distress.

## V. FIRST CLAIM FOR RELIEF

16. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

17. Defendant violated the FDCPA as noted above.

18. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Respectfully submitted,

**CHERYL BAKER,**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff